UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2009 MAY 28 PM 12:37
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ Fm _____
          DEPUTY

JUDGE PHILIP MARTINEZ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | SEALED |
| | § | |
| Plaintiff, | § | CRIMINAL NO. EP-09-CR- |
| v. | § | |
| | § | INDICTMENT |
| LUTHER JONES and | § | |
| GILBERT SANCHEZ, | § | CT 1: 18 U.S.C. §§ 1349, 1346 and 1343 |
| | § | Conspiracy to Commit Wire |
| Defendants. | § | Fraud and the Deprivation of |
| | § | Honest Services; |
| | § | CT 2: 18 U.S.C. §§ 1349, 1346 and 1341 |
| | § | Conspiracy to Commit Mail Fraud |
| | § | and the Deprivation of Honest |
| | § | Services; |
| | § | CT 3: 18 U.S.C. §§ 1346 and 1341 |
| | § | Mail Fraud and the Deprivation of |
| | § | Honest Services |
| | § | CT 4: 18:666(a)(1)(B), 2 |
| | § | Bribery Concerning Programs |
| | § | Receiving Federal Funds and |
| | § | Aiding and Abetting |
| | § | CT 5: 18:666(a)(2), 2 |
| | § | Bribery Concerning Programs |
| | § | Receiving Federal Funds and |
| | § | Aiding and Abetting |

THE GRAND JURY CHARGES:

EP09CR1567

## COUNT ONE
(18 U.S.C. §§ 1349, 1346, and 1343)
**CONSPIRACY TO COMMIT WIRE FRAUD AND THE
DEPRIVATION OF HONEST SERVICES**

### INTRODUCTION

At all times relevant to this Indictment:

1. On November 5, 2002, the defendant, GILBERT SANCHEZ, was elected by the citizens of El Paso County, Texas, to serve in the position of El Paso County District Clerk for a term beginning on January 1, 2003 and ending on January 1, 2007.

2. The defendant, LUTHER JONES, is an attorney.

3. Cooperating Witness One (CW1), was an employee of the El Paso County District Clerk's

Office.

4. Cooperating Witness Two (CW2), was an elected member of El Paso County Commissioners Court.

5. A Request for Proposal (RFP), as it relates to this Indictment, is an announcement by a government entity of a willingness to consider proposals for the performance of a specified project or program component.

6. Vernon's Texas Statutes and Codes Annotated, Penal Code, Section 36.02 (a)(1), provides that a person commits the offense of bribery if he intentionally and knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another (1) any benefit as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant.

7. Vernon's Texas Statutes and Codes Annotated, Penal Code, Section 39.02 (a)(2), provides that a public servant commits the offense of Abuse of Official Capacity if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly: (2) misuses government property, services, personnel, or any other thing of value belonging to the government that has come into the public servant's custody or possession by virtue of the public servant's office or employment.

8. Vernon's Texas Statutes and Codes Annotated, Penal Code, Section 36.08(e), provides that a public servant who exercises discretion in connection with contracts, purchases, payments, claims, or other pecuniary transactions of government commits an offense if he solicits, accepts, or agrees to accept any benefit from a person the public servant knows is interested in or is likely to become interested in any contract, purchase, payment, claim, or transaction involving the exercise of his discretion.

9. Vernon's Texas Statutes and Codes Annotated, Penal Code, Section 36.10(b), provides that Vernon's Texas Statutes and Codes Annotated, Penal Code, Section 36.08 (Gift to a Public Servant) does not apply to food, lodging, transportation, or entertainment accepted as a guest, and if the donee is required by law to report those items, reported by the donee in accordance with that law.

10. Vernon's Texas Statutes and Codes Annotated, Election Code, Section 254.093(a), provides that an officeholder shall file two reports each year.

11. Vernon's Texas Statutes and Codes Annotated, Election Code, Section 254.031 (a)(1), provides that each report filed under this chapter must include the amount of political contributions from each person that in the aggregate exceed $50 and that are accepted during the reporting period by the person or committee required to file a report under this chapter, the full name and address of the person making the contributions, and the days of the contribution.

12. Chapter 262 of the Texas Local Government Code, Subchapter 262.0225 Additional Competitive Procedures states, in part:

> (a) In the procedure for competitive bidding under this subchapter, the commissioners court of the county shall provide all bidders with the opportunity to bid on the same items on equal terms and have bids judged according to the same standards as set forth in the specifications.
>
> (b) A county shall receive bids or proposals under this subchapter in a fair and confidential manner.

13. Chapter 262 of the Texas Local Government Code, Subchapter 262.030 Alternative Proposal Procedure for Insurance, High Technology Items, and Special Services states, in part:

> (c) If provided in the request for proposals, proposals shall be opened so as to avoid disclosure of contents to competing offerors and kept secret during the process of negotiation. All proposals that have been submitted shall be available and open for public inspection after the contract is awarded.

## THE CONSPIRACY

Beginning on or about October 2003, and continuing through and including on or about July 11, 2004, in the Western District of Texas and elsewhere, defendants,

**LUTHER JONES, and
GILBERT SANCHEZ,**

conspired and agreed together with others known and unknown to commit offenses against the United States, that is Wire Fraud, in that the defendants, conspired with others to knowingly attempt to devise, devise and intended to devise a scheme and artifice to defraud the County of El Paso, Texas and the citizens of the County of El Paso, Texas, living and voting in El Paso County, of the intangible right to honest services of defendant, GILBERT SANCHEZ, an elected public servant, CW1, a public servant and CW2, an elected member of the El Paso County Commissioner's Court, in the affairs of El Paso County; and the defendants conspired to knowingly attempt to devise, devise

and intend to devise a scheme to obtain money and property by means of material false and fraudulent pretenses, representations and promises; that is, defendant, LUTHER JONES agreed to pay and offered and caused to be offered gratuities, travel and money, both cash and in the form of campaign contributions, to defendant, GILBERT SANCHEZ, an elected public servant and other public servants, and said defendant, GILBERT SANCHEZ, an elected public servant solicited and agreed to accept cash, travel expenses and gratuities, in exchange for supporting and influencing in his official capacity as an elected public servant to award a multimillion dollar contract between El Paso County and vendor-1 and said vendor-1 was represented by defendant, LUTHER JONES; and in furtherance of the scheme to deprive the County of El Paso and its citizens of the honest services of the defendant, GILBERT SANCHEZ and other public servants, and to obtain money and property by material false and fraudulent pretenses, representations and promises the defendants, LUTHER JONES, GILBERT SANCHEZ, and others known and unknown sent and caused to be sent a transmission by wire, in interstate and foreign commerce, writings, signs, signals, pictures and sounds, including electronic mail messages in which the defendant, LUTHER JONES, requested defendant, GILBERT SANCHEZ, place on Commissioner's Court agenda items, including the selection of a vendor for the District Clerk's document imaging project and adopting a method of financing the document imaging project, and said electronic message was sent for the purpose of securing a contract between El Paso County and vendor-1 represented by defendant, LUTHER JONES, in violation of Title 18, United States Code, Sections 1343 and 1346.

## SCHEME AND ARTIFICE TO DEFRAUD

In furtherance of the conspiracy to defraud and to further the objectives of the conspiracy, it was part of the scheme and artifice to defraud that:

1. The defendant, LUTHER JONES, offered to pay cash, travel expenses and gratuities for the defendant, GILBERT SANCHEZ, in exchange for defendant, GILBERT SANCHEZ' support and influence in his capacity as the elected El Paso County District Clerk for vendor-1 to secure a contract with the County of El Paso, in which vendor-1 was represented by defendant, LUTHER JONES.

2. The defendant, GILBERT SANCHEZ, in exchange for his support and influence in awarding a contract to vendor-1, in his capacity as an elected El Paso County District Clerk accepted bribes in the form of cash, travel expenses and gratuities from the defendant, LUTHER JONES.

3. The defendants, LUTHER JONES and GILBERT SANCHEZ, instructed CW1, a public servant at the El Paso County District Clerk's office, supervised by defendant, GILBERT SANCHEZ, to structure a Request for Proposal (RFP) with limitations embedded in the RFP that would assist vendor-1 in securing the contract with the County of El Paso.

4. The defendants, LUTHER JONES and GILBERT SANCHEZ, offered and caused to be offered cash bribes in the form of a campaign contribution to CW2, in exchange for CW2's support and vote in CW2's capacity as an elected member of El Paso County Commissioner's Court.

5. The defendant, GILBERT SANCHEZ, caused the County of El Paso purchasing department to issue a RFP for the digitization of court records. Thereafter, a vendor submitted to

the county purchasing department a response to the RFP via Federal Express, a private and commercial interstate carrier.

## OVERT ACTS

In furtherance of the conspiracy and to further the objectives of the conspiracy, the defendants, LUTHER JONES, GILBERT SANCHEZ, and others known, but not charged herein, committed the following overt acts:

1. On or about January 30, 2004, defendant, LUTHER JONES, entered into a contractual agreement with vendor-1 in which defendant, LUTHER JONES, and another attorney, not indicted herein, agreed to represent vendor-1 in all matters related to obtaining a services contract with the County of El Paso. The agreement provided that defendant LUTHER JONES and the attorney, not indicted herein, were to receive one third of the "net profit" of any contract awarded to vendor-1 by the County of El Paso.

2. On or about January 2004, defendants, LUTHER JONES, GILBERT SANCHEZ, CW1, and representatives of vendor-1, not indicted herein, met to discuss securing a contract for vendor-1 with the County of El Paso.

3. On or about January 20, 2004, defendant, GILBERT SANCHEZ, caused to be sent and transmitted to defendant, LUTHER JONES, an electronic mail message detailing the name of a hotel located in Las Vegas, Nevada along with the hotel's telephone number and reservation confirmation number.

4. On or about January 20, 2004, defendant, LUTHER JONES, caused to be sent and transmitted an electronic mail message offering to pay travel expenses to Las Vegas, Nevada, including airfare and hotel expenses, for defendant, GILBERT SANCHEZ and CW1, as

consideration for defendant, GILBERT SANCHEZ and CW1 providing defendant, LUTHER JONES, with competing proposals for the digitization contract and for writing the specifications for a Request for Proposal to favor vendor-1.

5. On or about January 28, 2004, defendant, LUTHER JONES, caused to be sent an electronic mail message requesting CW1 adjust CW1's billing statement for computer repairs to include the cost of traveling to Las Vegas, Nevada as a computer repair expenditure.

6. On or about January 28, 2004, defendant, LUTHER JONES, issued a $750.00 check to defendant, GILBERT SANCHEZ. The expenditure was reflected in the defendant, LUTHER JONES' general bank journal as an expense related to his representation of vendor-1.

7. On or about January 29, 2004, defendant, GILBERT SANCHEZ, negotiated the check issued to him by defendant, LUTHER JONES, in the amount of $750.00.

8. On or about January 2004, defendant, GILBERT SANCHEZ, and defendant, LUTHER JONES, tasked CW1 with including limitations in the El Paso County District Clerks Request For Proposal (RFP) for digitizing court records that would favor vendor-1 and ultimately assisting vendor-1 in securing a contract with the County of El Paso.

9. On or about January 2004, defendant, LUTHER JONES, offered to assist CW1 in obtaining a pay raise by securing the votes of El Paso County Commissioner's Court members in part for CW1's assistance in writing a RFP that would include limitations and specifications favoring vendor-1.

10. On or about January 23, 2004, defendant, GILBERT SANCHEZ, requested El Paso County Commissioner's Court, authorize a pay raise for CW1.

11. On or about February 5, 2004, defendant, GILBERT SANCHEZ, traveled to Las Vegas, Nevada.

12. On or about February 20, 2004, defendant, GILBERT SANCHEZ, submitted a memorandum to El Paso County Commissioner's Court seeking action on the digitization of court records for the El Paso County District Clerk's Office. In response to defendant, GILBERT SANCHEZ' memorandum, El Paso County Commissioner's Court instructed the county purchasing agent to issue a RFP for the District Clerk's digitization project.

13. On or about March 4, 2004 or March 5, 2004, CW2 accepted a bribe in the form of a campaign contribution in exchange for her vote as a member of the El Paso County Commissioner's Court to award Vendor-1 a contract with El Paso County.

14. On or about March 2004, CW1 submitted to the El Paso County purchasing department the limitations and specifications for the El Paso County District Clerk's digitization of court records RFP. CW1 included limitations in the RFP that would favor vendor-1.

15. On or about April 2004, defendant, LUTHER JONES, paid entertainment expenses, including meals and drinks for defendant, GILBERT SANCHEZ and CW1. The expenditures were reflected in the defendant, LUTHER JONES' general bank journal as an expense related to his representation of vendor-1.

16. On or about May 23, 2004, defendant, LUTHER JONES, caused to be sent an electronic mail message requesting defendant, GILBERT SANCHEZ, submit agenda items to El Paso Commissioner's Court regarding the District Clerk's document imaging project.

17. On or about May 27, 2004, defendant, GILBERT SANCHEZ, and CW1 submitted to El Paso County Commissioner's Court a memorandum requesting Commissioner's Court place

an item on their agenda to decide a vendor for the RFP to digitize court records.

18. On or about June 4, 2004, CW1 reviewed proposals submitted by vendors for the RFP to digitize court records. Thereafter, CW1 structured an evaluation sheet for El Paso Commissioner's Court reflecting vendor-1 as the vendor submitting the lowest bid for the RFP to digitize court records project.

19. On or about June 7, 2004, defendant, GILBERT SANCHEZ and CW1 provided vendor-1's president with a copy of the evaluation sheet reflecting vendor-1 as the lowest bidder.

20. On or about July 11, 2004, defendant, LUTHER JONES, caused to be sent to CW2 an electronic mail message outlining the defendant, LUTHER JONES', intent to meet with defendant, GILBERT SANCHEZ and again present the District Clerk's RFP digitizing court records before Commissioner's Court.

21. On or about July 15, 2004, defendant, GILBERT SANCHEZ, filed a Candidate/Officeholder Campaign Finance Report that did not list a political contribution from defendant, LUTHER JONES or vendor-1.

All in violation of Title 18, United States Code, Sections 1349, 1343, 1346.

## COUNT TWO
### (18 U.S.C. §§ 1349, 1346, and 1341)
### CONSPIRACY TO COMMIT MAIL FRAUD AND THE DEPRIVATION OF HONEST SERVICES

The Introduction, Scheme and Artifice to Defraud and Overt Acts in Count One of this Indictment are incorporated herein by reference in their entirety as if fully set out herein.

Beginning on or about October 2003, and continuing through and including on or about July 11, 2004, in the Western District of Texas and elsewhere, defendants,

**LUTHER JONES, and
GILBERT SANCHEZ,**

conspired and agreed together with others known and unknown to commit offenses against the United States, that is Mail Fraud, in that the defendants, conspired with others to knowingly attempt to devise, devise and intend to devise a scheme and artifice to defraud the County of El Paso, Texas and the citizens of the County of El Paso, Texas, living and voting in El Paso County, of the intangible right to honest services of defendant, GILBERT SANCHEZ, an elected public servant, CW1, a public servant and CW2, an elected member of the El Paso County Commissioner's Court, in the affairs of El Paso County; and the defendants conspired to knowingly attempt to devise, devise and intend to devise a scheme to obtain money and property by means of material false and fraudulent pretenses, representations and promises; that is, defendants, LUTHER JONES agreed to pay and offered and caused to be offered gratuities, travel and money, both cash and in the form of campaign contributions, to defendant, GILBERT SANCHEZ, and other public servants, and said defendant, GILBERT SANCHEZ, an elected public servant solicited and agreed to accept cash, travel expenses and gratuities in exchange for his support and influence in his official capacity as an elected public servant, to award a multimillion dollar contract between El Paso County and vendor-1 and said vendor-1 was represented by defendant, LUTHER JONES; and in furtherance of the scheme to deprive the County of El Paso and its citizens of the honest services of the defendant, GILBERT SANCHEZ, and other public servants and to obtain money and property by material false and fraudulent pretenses, representations and promises the defendants, LUTHER JONES, GILBERT SANCHEZ, caused to be sent and delivered, by a private and commercial interstate carrier, that is

Federal Express, a proposal in response to the Request for Proposal to digitize court records for the El Paso County District Clerk's Office, all in violation of Title 18, United States Code, Sections 1349, 1346 and 1341.

## COUNT THREE
### (18 U.S.C. §§ 1346 and 1341)
### MAIL FRAUD AND THE DEPRIVATION OF HONEST SERVICES

The Introduction, Scheme and Artifice to Defraud and Overt Acts in Count One of this Indictment are incorporated by reference in their entirety as if fully set out herein.

Beginning on or about October 2003, and continuing through and including on or about July 11, 2004, in the Western District of Texas and elsewhere, defendants,

**LUTHER JONES, and
GILBERT SANCHEZ,**

knowingly did attempt to devise and devised and intended to devise a scheme and artifice to defraud the County of El Paso, Texas and the citizens of the County of El Paso, Texas, living and voting in El Paso County, of the intangible right to honest services of defendant, GILBERT SANCHEZ, an elected public servant, and other public servants, in the affairs of El Paso County; and the defendants knowingly did attempt to devise and devised and intended to devise a scheme to obtain money and property by means of material false and fraudulent pretenses, representations and promises; that is, defendants, LUTHER JONES agreed to pay, and offered and caused to be offered gratuities, travel and money, both cash and in the form of campaign contributions, to defendant, GILBERT SANCHEZ, an elected public servant and other public servants, and said defendant, GILBERT SANCHEZ, an elected public servant solicited and agreed to accept cash, travel expenses and gratuities in exchange for his support and influence in his official capacity as an elected public servant, to award a multimillion dollar contract between El Paso County and vendor-1 and said vendor-1 was represented by defendant, LUTHER JONES seeking; and in furtherance of the scheme

to deprive the County of El Paso and its citizens of the honest services of the defendant, GILBERT SANCHEZ, and other public servants, and to obtain money and property by material false and fraudulent pretenses, representations and promises the defendants, LUTHER JONES, GILBERT SANCHEZ, and their co-defendants, caused to be sent and delivered, by a private and commercial interstate carrier, that is Federal Express, a proposal in response to the Request for Proposal to digitize court records for the El Paso County District Clerk's Office on May 28, 2004, all in violation of Title 18, United States Code, Sections 1346 and 1341.

**COUNT FOUR**
**(18:666(a)(1)(B), 2)**
**BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS**
**AND AIDING AND ABETTING**

The Introduction, Scheme and Artifice to Defraud and Overt Acts in Count One of this Indictment are incorporated by reference in their entirety as if fully set out herein.

Beginning on or about October 2003, and continuing through and including on or about July 11, 2004, in the Western District of Texas and elsewhere, defendant,

**GILBERT SANCHEZ,**

as an elected public official, was an agent of El Paso County, and he did corruptly solicit, demand, accept, agree to accept and demand for the benefit of any person and cause to be solicited, demanded, accepted, and demanded for the benefit of any person, a thing of value from a person, intending to be influenced and rewarded in connection with a transaction of El Paso County involving a thing of value of $5000 or more, to wit: the award of a multimillion dollar contract with the El Paso County, which was at all times material to this indictment an organization and a local government that received federal assistance in excess of $10,000 during the one-year period beginning January 2004 and ending December 2004, in violation of Title 18, United States Code,

Section 666(a)(1)(B).

## COUNT FIVE
## (18:666(a)(2), 2)
## BRIBERY CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS
## AND AIDING AND ABETTING

The Introduction, Scheme and Artifice to Defraud and Overt Acts in Count One of this Indictment are incorporated by reference in their entirety as if fully set out herein.

Beginning on or about October 2003, and continuing through and including on or about July 11, 2004, in the Western District of Texas and elsewhere, defendant,

**LUTHER JONES,**

did corruptly give, offer, and agree and did cause to be given, offered to give a thing of value to GILBERT SANCHEZ, an elected public official, and an agent of El Paso County, and other public servants, agents of El Paso County, intending to influence and reward GILBERT SANCHEZ and other agents of El Paso County in connection with a transaction involving any thing of value of $5,000 or more, to wit: the award of a multimillion dollar contract with El Paso County, which was at all times material to this indictment an organization and a local government that received federal assistance in excess of $10,000 during the one-year period beginning January 2004 and ending December 2004, in violation of Title 18, United States Code, Section 666(a)(2).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

JOHN E. MURPHY
ACTING UNITED STATES ATTORNEY

By: _____
Assistant United States Attorney