# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-09-CR-1567-FM |
| | § | |
| LUTHER JONES (1) and GILBERT SANCHEZ (2), | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' JOINT MOTION TO DISMISS COUNTS ONE, TWO, AND THREE OF THE INDICTMENT AS BEING VOID FOR VAGUENESS

On this day, the Court considered Luther Jones and Gilbert Sanchez's (collectively, "Defendants") "Defendants' Joint Motion to Dismiss Counts One, Two, and Three of the Indictment as Being Void for Vagueness" [Rec. No. 68], filed September 2, 2009. In response, the United States of America ("Government") filed "Government's Opposition and Response to Defendants' Joint Motion to Dismiss Counts One, Two, and Three of the Indictment as Being Void for Vagueness" [Rec. No. 77] on September 14, 2009.

### I. PARTIES' ARGUMENTS

Defendants contend the charges of conspiracies to commit mail and wire fraud and mail fraud[1] are void for vagueness because there is no definition of what constitutes "intangible right of honest services" from section 1346, Title 18 of the United States Code. Defendants assert the phrase "intangible right of honest services" is without a limiting principle and therefore violates the Due Process Clause. Defendants also argue even if there was a violation of state law, "the amounts of money involved were extremely small." Defendants point out the Supreme Court is currently hearing two cases this term related to this issue.

---

[1] Because the mail fraud count was dismissed by the Court's October 28, 2009, "Memorandum Opinion and Order Regarding Defendants' Joint Motion to Dismiss All Five Counts of the Indictment" [Rec. No. 97], that charge is not discussed herein.

The Government contends "the intangible right of honest services" is not void for vagueness, nor void as applied to Defendants, because it requires that a defendant breach a state duty, which the Government charged in Defendants' Indictment. The Government argues Defendants ignore the Fifth Circuit's "narrow definition" of the phrase and the fact that the Government charged them with intentionally violating state laws. The Government points out the Indictment charged more than dishonest and unethical behavior, as it charged bribery, "a paradigmatic case of deprivation of honest services," which carries harsh penalties. The Government contends the Fifth Circuit provided notice that "honest services" necessarily includes a violation of a state law.

## II.  APPLICABLE LAW

To sustain a vagueness challenge, a statute must be unconstitutionally vague in all its applications, "including its application to the party bringing the vagueness challenge."[2] "Objections to vagueness under the Due Process Clause rest on the lack of notice and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk."[3] A statute is vague in all its applications when "men of common intelligence must necessarily guess at its meaning."[4]

In addition, "[t]he 'void-for-vagueness' doctrine 'requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'"[5] The matter of "whether a criminal statute is unconstitutionally vague is a question of law."[6]

When considering whether a statute is vague in all its applications, "a reviewing court

---

[2] *United States v. Clark*, 582 F.3d 607, 612-13 (5th Cir. 2009) (citations omitted).

[3] *Id.* at 613 (internal quotation marks) (citation omitted).

[4] *Id.* (internal quotation marks omitted) (citation omitted).

[5] *United States v. Rudzavice*, — F.3d —, —, 2009 WL 3366563, at *3 (5th Cir. 2009) (footnote omitted).

[6] *Id.* at —, 2009 WL 3366563 at *3.

2

should examine the complainant's conduct before analyzing other hypothetical applications of the law because a [party] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."[7]

Accordingly, "[w]here constitutionally protected conduct is not threatened and 'at least some of [the defendant's] conduct is clearly proscribed' by the statute under review, it cannot be void for vagueness."[8] "Constructions of a statute announced by the Supreme Court or lower courts can give citizens fair warning, even if the cases are not 'fundamentally similar.'"[9]

### III.    DISCUSSION

The issues before the Supreme Court this term are whether the deprivation of "the intangible right of honest services" applies to conduct of a private individual, whose alleged scheme to defraud did not involve economic or other property loss to the private party to whom the honest services were owed;[10] and whether the Government must prove a violation of a disclosure duty imposed by state law when the Government charges the deprivation of "the intangible right of honest services."[11] It is the second issue before the Supreme Court that relates to this case.

Because the Government charged the Indictment in conformity with Fifth Circuit law, which interprets section 1346 conservatively to require a violation of state law, the Supreme Court's resolution of the second issue does not affect this case. The Government charged Defendants with a scheme that

---

[7] *United States v. Clark*, 582 F.3d 607, 613 (5th Cir. 2009) (citation omitted).

[8] *Id.* (citation omitted).

[9] *United States v. Brumley*, 116 F.3d 728, 732 (5th Cir. 1997) (citation omitted).

[10] *Black v. United States*, No. 08-876, cert. granted May 18, 2009.

[11] *Weyhrauch v. United States*, No. 08-1196, cert. granted June 29, 2009. On October 13, 2009, the Supreme Court granted a petition for writ of certiorari in *Skilling v. United States*, No. 08-1394. The questions presented in the *Skilling* case that relate to Defendants' conspiracy charges here are:

> Whether the federal "honest services" fraud statute, 18 U.S.C. § 1346, requires the government to prove that the defendant's conduct was intended to achieve "private gain" rather than to advance the employer's interests, and, if not, whether § 1346 is unconstitutionally vague.

3

included, among other acts, the commission of bribery,[12] which, if proved, is a violation of state law. The Government also charged Defendants with other acts, including a failure to disclose the contribution of certain monies to appropriate state officials. If the Supreme Court determines a violation of state law is necessary, the Government charged such a violation. If the Supreme Court determines only unethical conduct, or something akin to it, is necessary, the Government charged such conduct.

Defendants' argument the statute is void for vagueness is controverted by the case law of this Circuit. The Fifth Circuit made clear, as Defendants previously acknowledged,[13] "that services must be owed under state law and that the [G]overnment must prove in a federal prosecution that they were in fact not delivered."[14] The Fifth Circuit stated Congress was <u>not</u> establishing "an ethical regime for state employees" that could be enforceable by the federal government.[15] Rather, the Fifth Circuit explained "[u]nder the most natural reading of the statute, a federal prosecutor must prove that conduct of a state official breached a duty respecting the provision of services owed to the official's employer under state law."[16] As the Fifth Circuit pointed out, "[t]he boundaries of 'intangible rights' may be difficult to discern, but that does not mean that it is difficult to determine whether [a defendant] in particular

---

[12] Although the statute of limitations bars the Government from prosecuting Defendants for the federal crime of bribery, the alleged acts Defendants undertook in connection with these time-barred charges may still be offered for the purpose of proving conspiracy to commit wire or mail fraud. *United States v. Ashdown*, 509 F.2d 793, 798 (5th Cir. 1975) ("[I]f the prosecution is timely with respect to the mailings alleged, '[i]t is no defense that the scheme was formed earlier, and proof running back of the statute is admissible to show the scheme and intent if it is connected up with the scheme existing when use of the mails occurred.'") (citation omitted).

[13] In "Defendants' Joint Motion to Dismiss All Five Counts of the Indictment" [Rec. No. 72], Defendants pointed to the Fifth Circuit's "state law limiting principle" and argued: "This principle was elucidated in [*Brumley*, 116 F.3d at 734], where the court held that '"honest services" contemplates that in rendering some particular service or services, the defendant was conscious of the fact that his actions were something less than in the best interests of the employer – or that he consciously contemplated or intended such actions. For example, something close to bribery.'" Defs.' Joint Mot. Dismiss ¶ 26.

[14] *Brumley*, 116 F.3d at 734.

[15] *Id.*

[16] *Id.*

4

violated them."[17]

Defendants were on notice and had fair warning after Congress enacted section 1346 and the Fifth Circuit construed it in *United States v. Brumley* that their alleged conduct violated the law.[18] Notwithstanding fair notice to Defendants, their arguments are unavailing, again, because of the manner in which the Government charged the conspiracy violations.

In the Court's October 28, 2009, "Memorandum Opinion and Order Regarding Defendants' Joint Motion to Dismiss All Five Counts of the Indictment" [Rec. No. 97], the Court stated:

> Here, the Government charged Defendants in the conjunctive with a scheme to defraud the County of Sanchez's and two unnamed public officials' honest services <u>and</u> a scheme for obtaining money and property by means of false or fraudulent pretenses, representations, or promises.
> . . . .
> Assuming, *arguendo*, section 1346 is vague as applied to Jones and Sanchez, Defendants do not address that the Government charged the scheme conjunctively. The mail fraud statute permits the Government to charge a scheme to defraud <u>or</u> a scheme for obtaining money or property. Here, the Government charged the mail fraud statute conjunctively as a scheme to defraud <u>and</u> a scheme for illegally obtaining money and property. Hence, even if the Government could not prove a scheme to defraud the County of Sanchez's honest services, it still may prove a scheme for obtaining money and property, specifically, the scheme to obtain money from the County for Vendor-1, in which Jones would share one-third of the net profit.

Hence, the Government could continue with its prosecution of Defendants for the conspiracies to commit wire and mail fraud, as charged in the Indictment, even if the Supreme Court decides in *Skilling* that section 1341 is void for vagueness.

## IV. <u>CONCLUSION</u>

The issues before the Supreme Court do not appear to be relevant here because of the manner in which the Government charged Defendants with conspiracies to commit wire and mail fraud. The Government charged both state law violations and unethical or immoral conduct. Defendants had fair

---

[17] *Id.* at 733.

[18] *See id.* at 732 ("Constructions of a statute announced by the . . . lower courts can give citizens fair warning, even if the cases are not 'fundamentally similar.'").

5

notice that state law violations fell under section 1346 through the Fifth Circuit's construction in *Brumley*. Even if the Supreme Court were to find 1346 void for vagueness or vague as applied in certain instances, the Government charged Defendants in the conjunctive. Accordingly, the Court finds it should, and hereby does, **DENY** "Defendants' Joint Motion to Dismiss Counts One, Two, and Three of the Indictment as Being Void for Vagueness" [Rec. No. 68].

    **SO ORDERED.**

    **SIGNED** this **17th** day of **November, 2009**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**